IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| GEORGE A. HILLARY | § |
| VS. | §   CIVIL ACTION NO. 1:06cv193 |
| DIRECTOR, TDCJ-CID | § |

## MEMORANDUM OPINION

Petitioner George A. Hillary, an inmate confined in the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## Factual Background

Petitioner challenges a prison disciplinary conviction. He states that on September 7, 2005, he was convicted of a disciplinary offense which resulted in the following sentence being imposed: (a) demotion from minimum custody to medium custody; (b) 15 days in solitary confinement; (c) placement in isolation and (d) forfeiture of one year of previously earned good conduct time credits.

## Analysis

Under 28 U.S.C. §§ 2241 and 2254, a federal court may only grant a writ of habeas corpus to state prisoners who are held in custody in violation of the Constitution, laws or treaties of the United States. Petitioner asserts he is entitled to relief under Sections 2241 and 2254 because he was denied due process of law during a disciplinary proceeding.

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment to the Constitution where a disciplinary action results in a sanction that implicates a liberty interest. Prior to the Supreme Court's decision in *Sandin v. Conner*, 115 S.Ct. 2293 (1995), courts examined state laws and regulations to determine whether a protected liberty interest was created by the use of mandatory language in a statute or regulation.

In *Sandin*, however, the Supreme Court disapproved previous cases which "shift[ed] the focus of the liberty interest inquiry to one based on the language of a particular regulation, and not the deprivation." *Sandin*, 115 S.Ct. at 2299. The Court concluded that such an inquiry "encouraged prisoners to comb regulations in search of mandatory language on which to base entitlements to various state-conferred privileges." *Id*. The Court held that:

> [s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interest will generally be limited to freedom from restraints which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id*. (citations omitted).

As a general rule, only disciplinary sanctions which either result in loss of good conduct time credits for inmates who are

eligible for release on mandatory supervision[1] or directly and adversely affect release on mandatory supervision will impose upon a liberty interest.  *See Orellana v. Kyle*, 65 F.3d 29, 31-331 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996) ("Although *Sandin* cites with approval cases in which it was held that state law could create a constitutional liberty interest in good-time credits, or release on parole, it is difficult to see that any other deprivations in the prison context ... will henceforth qualify for constitutional 'liberty' status.") (citations omitted).  Being sentenced to solitary confinement, loss of privileges, reduction in good time-earning classification and forfeiture of good conduct time credits if one is not eligible for release on mandatory supervision are not sanctions which impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 115 S.Ct. at 2299.  *See also Madison v. Parker*, *supra* (concluding:

---

[1] In Texas, prisoners who are eligible for release on mandatory supervision must be released when certain criteria are satisfied.  For example, prisoners who are eligible for release on mandatory supervision are entitled to be released when the time they have served plus the good conduct time credits they have accrued equal their sentence.  When the requirements for release on mandatory supervision have been met, officials have no discretion as to whether or not to release a prisoner.  However, not all Texas prisoners are eligible for release on mandatory supervision.  Inmates convicted of certain crimes are not eligible for such release.

In *Madison v. Parker*, 104 F.3d 765 (5th Cir. 1997), the United States Court of Appeals for the Fifth Circuit explained the distinction between release on parole and release on mandatory supervision in the Texas system.  The court stated that release on parole is a discretionary and conditional release of a prisoner so that the prisoner serves the remainder of his sentence under the supervision of the division of pardons and paroles.  In contrast, a prisoner released on mandatory supervision serves the remainder of his sentence not on parole, but still under the supervision of the pardons and paroles division.  The court, citing *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995), and *Creel v. Keene*, 928 F.2d 707 (5th Cir. 1991), stated release on parole was entirely speculative and that there was no constitutional expectancy to release on parole.

(a) imposing thirty days of commissary and cell restriction as punishment merely constitutes changes in the condition of a prisoner's confinement and do not implicate due process concerns and (b) forfeiture of good conduct time credits earned by a prisoner who is not eligible for release on mandatory supervision does not implicate a liberty interest); *Malchi v. Thaler*, 211 F.3d 953 (5th Cir. 2000) (release on mandatory supervision is too speculative to give an inmate a liberty interest in not being demoted to a classification at which fewer days of good conduct time credits are earned); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("the mere opportunity to earn good-time credits [does not] constitute a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause"), *cert. denied sub. nom Luken v. Johnson*, 116 S.Ct. 1690 (1996); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.) ("An inmate has neither a protectible property nor liberty interest in his custody classification ...."), *cert. denied*, 488 U.S. 985 (1988).

    As a result of the disciplinary conviction complained of in this petition, petitioner's privileges were restricted, he was placed in a more restrictive custody classification and he was forced to forfeit previously earned good conduct time credits. In his petition, petitioner states he is not eligible for release on mandatory supervision. As a result, for the reasons set forth above, the punishment imposed on petitioner as a result of this disciplinary conviction did not implicate a protected liberty interest. Accordingly, petitioner was not entitled to due

4

process before receiving such punishment.  This petition for writ of habeas corpus will therefore be denied.

### Conclusion

For the reasons set forth above, this petition for writ of habeas corpus will be denied.  A final judgment shall be entered in accordance with this memorandum opinion.

**SIGNED** this <u>  11  </u> day of <u>       April       </u>, 2006.

                                             _____
                                             THAD HEARTFIELD
                                             UNITED STATES DISTRICT JUDGE